# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT M. MAYERS and JERRALD D. JOHNSON DOMESTIC EXPLORATION, LLC | § § § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-3043-S |
| ADDISON BROWN, LLC and COMSTOCK ENERGY, LLC | § § § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Comstock Energy LLC's Rule 12(b)(6) Motion to Dismiss Plaintiff's Claims ("Motion") [ECF No. 35]. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

### I.   BACKGROUND

This case centers on a breach-of-contract dispute. Around June 2017, an Addison Brown, LLC ("Addison Brown") representative contacted Plaintiff to pitch an oil and gas investment opportunity. Second Am. Compl. ("Compl.") ¶ 8. In return for Plaintiff's investment, Plaintiff: (1) would be repaid the entire investment by a date certain; and (2) would receive a percentage interest in various oil and gas wellbores owned or operated by Addison Brown. *Id.* Plaintiff alleges that representations were made that Addison Brown and Comstock Energy, LLC ("Comstock"; together with Addison Brown, "Defendants") were partners and that Comstock was the owner/operator of the oil and gas acquisitions. *Id.* ¶¶ 10-11.

Relying on these alleged representations, Plaintiff claims it entered into an agreement ("Agreement") with Addison Brown, pursuant to which Plaintiff would obtain mineral leasehold interests in multiple oil and gas wellbores located in Irion County, Texas, which the parties refer to as the "Prospect." *Id.* ¶ 12. Plaintiff also asserts that Defendants directed Plaintiff to make its

initial $350,000 investment contemplated by the Agreement payable to Comstock. *Id.* ¶ 15. Notably, Comstock was not a party to the Agreement. *Id.* ¶ 14.

The investment did not go as planned. After amending the Agreement and investing more money, Plaintiff claims Defendants materially breached the Agreement by failing to pay the agreed-upon return. *Id.* ¶¶ 22-23. According to Plaintiff, Plaintiff is owed the following under the Agreement: (1) $540,000 representing the entire investment; (2) revenue payments from the Prospect; and (3) a percentage interest in the Prospect that Defendants were obligated to assign to Plaintiff after Defendants defaulted. *Id.* ¶¶ 23-24. Based on these allegations, Plaintiff brings claims against *both* Addison Brown and Comstock for: (1) breach of contract; (2) money had and received/unjust enrichment; and (3) an accounting. *Id.* ¶¶ 30-37. Comstock filed its Motion asserting that Plaintiff's claims against Comstock should be dismissed because Comstock was not a party to the Agreement. Mot. to Dismiss 5-6.

## II.     LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation

omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III.     ANALYSIS

#### A.     *Breach of Contract*

Comstock contends that Plaintiff's breach-of-contract claim against Comstock fails because Plaintiff has not alleged any facts to establish privity of contract between Plaintiff and Comstock.[1] Mot. to Dismiss 4. "Texas law requires privity of contract to assert a breach of contract claim, meaning a non-party to a contract typically cannot be sued for breach of that contract." *Fid. Funding Bus. Credit, Ltd. v. Republic Bus. Credit LLC*, Civil Action No. 3:16-cv-2492-B, 2017 WL 4923880, at *2 (N.D. Tex. Oct. 30, 2017) (citing *Chico Auto Parts & Serv., Inc. v. Crockett*, 512 S.W.3d 560, 569 (Tex. App. – El Paso 2017, pet. denied)). But there are exceptions. Under traditional principles of state law, contracts may be enforced *by or against* non-parties to the contract through assumption, piercing the corporate veil, alter ego, incorporation by

---

[1] The Complaint does not allege a choice-of-law provision, but the parties do not dispute that the Agreement is governed under Texas law. When parties fail to raise choice-of-law issues, the Court need not raise the issue *sua sponte* and the parties are deemed to have acquiesced to the law of the forum. *Nova Consulting Grp., Inc. v. Eng'g Consulting Servs., Ltd.*, No. Civ. SA03CA305FB, 2005 WL 2708811, at *6 (W.D. Tex. June 3, 2005) (citation omitted), *report and recommendation adopted*, 2005 WL 8156326 (W.D. Tex. Sept. 28, 2005).

3

reference, third-party beneficiary theories, waiver, and estoppel. *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 631 (2009) (citing 21 R. LORD, WILLISTON ON CONTRACTS § 57:19, 183 (4th ed. 2001)) (emphasis added); *see also In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d 185, 194 (Tex. 2007) ("Texas law has long recognized that nonparties may be bound to a contract under traditional contract rules like agency . . . ."); *Bridas S.A.P.I.C. v. Gov't of Turkm.*, 345 F.3d 347, 356 (5th Cir. 2003) ("Ordinary principles of contract and agency law may be called upon to bind a nonsignatory to an agreement whose terms have not clearly done so.") (citations omitted). Texas courts have also found non-parties liable in certain circumstances based on partnership by estoppel. *See, e.g., Friedman v. New Westbury Vill. Assocs.*, 787 S.W.2d 154, 158 (Tex. App. – Houston [1st Dist.] 1990, no writ) (finding non-signatory liable for payment due under promissory note based on partnership by estoppel). The party seeking to hold a non-party liable for breach of contract has the burden to prove that the non-party obligated itself under the contract. *Guajardo v. Freddie Records, Inc.*, Civil Action No. H-10-2024, 2013 WL 12144152, at *25 (S.D. Tex. Apr. 9, 2013), *report and recommendation adopted*, Civil Action No. H-10-2024, 2013 WL 12144073 (S.D. Tex. June 27, 2013) (citing *Miles v. Plumbing Servs. of Houston, Inc.*, 668 S.W.2d 509, 512 (Tex. App. – Houston [14th Dist.] 1984, writ ref'd n.r.e.)).

In the present case, Plaintiff does not identify an exception to the privity of contract requirement or adequately advance a recognized theory that would bind Comstock to the Agreement as a non-party. Rather, as a basis for liability, Plaintiff alleges only that: (1) Plaintiff entered into the Agreement based on representations that Defendants were partners[2] and that Comstock was the owner/operator of the oil and gas acquisitions; (2) Defendants directed Plaintiff

---

[2] In its Response, Plaintiff clarifies that Comstock and Addison Brown allegedly made these representations. Resp. 3-4. However, for purposes of this Motion, the Court only considers the facts as stated in the Complaint. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citation omitted).

to make Plaintiff's initial investment payable to Comstock; and (3) as alleged partners, Defendants are considered agents of the other and are liable for the debts and obligations incurred in the scope of the partnership's business. Resp. 4-5. This is not enough to state a breach-of-contract claim against Comstock.

Plaintiff acknowledges that it entered into the Agreement with Addison Brown, Compl. ¶ 12, and does not assert that Addison Brown executed the Agreement on behalf of Comstock or their alleged partnership. The Texas Supreme Court has stated that the "use of an individual name raises a presumption that the transaction is an individual and not a firm matter." *First State Bank of Riesel v. Dyer*, 254 S.W.2d 92, 94 (Tex. 1953) (citation omitted). Although principles of agency may come into play, the Texas Supreme Court has found that when partners are known to the contracting parties, but the contract is entered into by one partner only, the non-signatory partner is not bound. *Id.* (citation omitted).

Plaintiff asserts that Comstock is liable for breach of the Agreement because Defendants[3] allegedly directed Plaintiff to make its initial investment payable to Comstock.[4] Compl. ¶ 14. Even if the Court were to construe this argument to be based on a third-party beneficiary theory, Plaintiff cannot prevail. In certain circumstances, a third-party beneficiary may be able to enforce a contract. *See St. Luke's Episcopal Hosp. v. La. Health Serv. & Indem. Co.*, Civil Action No. H-

---

[3] Plaintiff's Complaint repeatedly asserts allegations against both Defendants without providing a factual basis to distinguish their conduct. Defendants are separate legal entities for which the Court must determine whether a facially plausible claim exists. For this reason, courts have rejected collective pleading. *See, e.g., Del Castillo v. PMI Holdings N. Am. Inc.*, Civil Action No. 4:14-cv-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) ("A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct.") (citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)).

[4] Plaintiff relies on one case for the proposition that a contract is enforceable against a non-signatory who knowingly accepts payments due under a contract and enjoys the contract's benefits. Resp. 5 (citing *Bookout v. Bookout*, 165 S.W.3d 904, 911-12 (Tex. App. – Texarkana 2005, no pet)). However, *Bookout* is distinguishable from the present case. In *Bookout*, the court enforced an unsigned draft contract against an individual who was named in that contract, had acknowledged the contract on several occasions, and had accepted monthly payments contemplated under the contract for seven years. *Bookout*, 165 S.W.3d at 911-12. Those facts are absent here.

08-1870, 2009 WL 47125, at *11 (S.D. Tex. Jan. 6, 2009) (citing *Comer v. Micor, Inc.*, 436 F.3d 1098, 1102 (9th Cir. 2006)). However, even assuming, *arguendo*, that Comstock is a third-party beneficiary to the Agreement, Plaintiff would not be able to maintain a breach-of-contract action *against* Comstock on this basis. *Id.* (explaining that "an action cannot be maintained *against* a third-party beneficiary to enforce contractual obligations") (citing *Motorsport Eng'g, Inc. v. Maserati SPA*, 316 F.3d 26, 29 (1st Cir. 2002)) (emphasis in original).

Courts have found that a principal may be bound by a contract entered into by the principal's agent if the agent had actual or apparent authority, or if the principal subsequently ratified the contract. *Action Marine, Inc. v. M/V Norseman*, No. Civ. A. 96-3945, 1998 WL 419718, at *4 (E.D. La. July 21, 1998) (citing *Carr v. Runyan*, 89 F.3d 327 (7th Cir. 1996)). However, Texas law does not presume agency, and the party alleging agency has the burden to prove it. *IRA Resources, Inc. v. Griego*, 221 S.W.3d 592, 597 (Tex. 2007) (citation omitted). In this case, the Court finds that Plaintiff has failed to meet its burden.

Viewing the allegations in the light most favorable to Plaintiff and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has not alleged sufficient facts to state a breach-of-contract claim against Comstock.

### B. *Money Had and Received*

As an alternative to its breach-of-contract claim, Plaintiff asserts a money-had-and-received claim.[5] Compl. ¶ 34. Comstock contends that a money-had-and-received claim is not viable when an express contract governs the dispute. Mot. to Dismiss 7-8. In its Reply, Comstock also appears to argue that a money-had-and-received claim can be pled in the alternative only if

---

[5] Plaintiff refers to this claim as "money had and received/unjust enrichment." Compl. 7. Because it is unclear whether Texas law recognizes a separate claim for unjust enrichment, *see Chapman v. Commonwealth Land Title Ins. Co.*, 814 F. Supp. 2d 716, 725 (N.D. Tex. 2011), and because Plaintiff has not pleaded unjust enrichment as a separate claim, the Court construes Plaintiff's claim as one for money had and received.

Plaintiff seeks to recover an overpayment.[6]  Reply 5.  Other than asserting that Plaintiff has failed to state a claim, Comstock does not raise any recognized defenses to a money-had-and-received claim.

A money-had-and-received claim is an equitable doctrine applied to prevent unjust enrichment. *Plains Expl. & Prod. Co. v. Torch Energy Advisors Inc.*, 473 S.W.3d 296, 302 n.4 (Tex. 2015) (citing *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App. – El Paso 1997, no writ)).  As an equitable doctrine, a money-had-and-received claim is not premised on wrongdoing, but instead looks to whether a defendant has received money that rightfully belongs to another. *Id.* (citing *MGA Ins. Co. v. Charles R. Chesnutt, P.C.*, 358 S.W.3d 808, 813 (Tex. App. – Dallas 2012, no pet.)).  To prove a money-had-and-received claim, a plaintiff must show that a defendant holds money that "in equity and good conscience" belongs to the plaintiff. *Id.* (quoting *MGA Ins. Co.*, 358 S.W.3d at 813).  If an express agreement governs the dispute, a plaintiff may not recover under money had and received. *See Villareal v. First Presidio Bank*, 744 F. App'x 204, 206 (5th Cir. 2018) (citing *Fortune Prod. Co v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000)).  However, at the motion to dismiss stage, a plaintiff may maintain a money-had-and-received claim as an alternative to breach of contract. *Rapid Tox Screen LLC*, 2017 WL 3658841, at *11; *see also Cole v. Benavides*, 481 F.2d 559, 561 (5th Cir. 1973) ("Under Texas law, a party may *plead* alternative theories of recovery in contract and quantum meruit, but if he *proves* the

---

[6] Comstock cites *Rapid Tox Screen LLC v. Cigna Healthcare of Texas Inc.*, Civil Action No. 3:15-cv-3632-B, 2017 WL 3658841, at *11 (N.D. Tex. Aug. 24, 2017), for the proposition that a money-had-and-received claim can only survive Rule 12(b)(6) scrutiny if: "(1) the claim is asserted in the alternative to a breach of contract claim; and, (2) the equitable claim seeks recovery of an overpayment." Reply 5.  Despite Comstock's assertion, there is no indication in *Rapid Tox Screen LLC* that a money-had-and-received claim may survive a motion to dismiss *only* if the claim seeks recovery of an overpayment.  2017 WL 3658841, at *11 (finding that plaintiff's allegation that insurance company wrongly denied benefits was sufficient to state a money-had-and-received claim and survived a motion to dismiss as an alternative to plaintiff's breach-of-contract claim).

existence of an enforceable contract, he may not recover in quantum meruit.") (emphasis in original) (citation omitted).

Contrary to Comstock's assertion, Texas courts have recognized money-had-and-received claims with respect to a wide range of financial disputes, not limited to overpayments. *See, e.g., Thrower v. State*, No. 03-18-00800-CV, 2019 WL 7342248 (Tex. App. – Austin Dec. 31, 2019, no pet) (money-had-and-received claim deriving from defendant's failure to repay student loans disbursed pursuant to unsigned loan documents); *MGA Ins. Co.*, 358 S.W.3d 808 (money-had-and-received claim brought by insurer seeking sanctions award received by insured); *Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836 (5th Cir. 2004) (money-had-and-received claim brought by bank seeking to recover money loaned to con artist that was in third party's possession); *Burrus v. Reyes*, 516 S.W.3d 170 (Tex. App. – El Paso 2017, pet. denied) (money-had-and-received claim seeking to recover a portion of the profit made on sale of real property). The Court declines to dismiss Plaintiff's money-had-and-received claim at this stage of the litigation. *See Mugg v. Hutmacher*, 18-cv-732-RP, 2019 WL 3538979, at *7 (W.D. Tex. July 10, 2019), *report and recommendation adopted*, 2019 WL 3536049 (W.D. Tex. Aug. 2, 2019) (finding money-had-and-received claim survived motion to dismiss even though disclosures provided pursuant to the transaction may ultimately bar recovery). Viewing the allegations in the light most favorable to Plaintiff and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has pleaded sufficient facts to state a money-had-and-received claim.

### C. *Accounting*

Plaintiff seeks an accounting from Defendants to ascertain the value of Plaintiff's interest in the Prospect. Resp. 8. Plaintiff appeared to bring accounting as a cause of action in its Complaint, but clarified in its Response to the Motion that it seeks accounting as a remedy. *Id.* Comstock contends that Plaintiff is not entitled to an accounting in the absence of a contractual

duty or fiduciary relationship. Mot. to Dismiss 8-9. "An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 737 (E.D. Tex. 2011) (quoting *Brown v. Cooley Enters., Inc.*, No. 3:11-cv-0124-D, 2011 WL 2200605, at *1 (N.D. Tex. June 7, 2011)). When accounting is sought as a remedy, it is not subject to dismissal under Rule 12(b)(6). *See Peters v. JP Morgan Chase Bank, N.A.*, 600 F. App'x 220, 225 (5th Cir. 2015); *see also Watson*, 814 F. Supp. 2d at 737 ("If Plaintiff's request for an accounting is a remedy sought rather than a cause of action, the determination of whether an accounting would be an appropriate remedy must await the determination of liability issues.") (quoting *Shields v. Ameriquest Mortg. Co.*, No. 05-06-01647-CV, 2007 WL 3317533, at *2 (Tex. App. – Dallas 2007, no pet.)). Because Plaintiff seeks accounting as a remedy, not a cause of action, the Court finds that Plaintiff's request for an accounting is not subject to dismissal at this stage.

## IV.     CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion to Dismiss with respect to Plaintiff's breach-of-contract claim, and **DENIES** the Motion to Dismiss with respect to Plaintiff's money-had-and-received claim and accounting request. The Court **GRANTS** Plaintiff's request for leave to amend its Complaint. Plaintiff shall have until **January 12, 2021** to file a proposed amended complaint. If a proposed amended complaint is not filed by **January 12, 2021**, Plaintiff's breach-of-contract claim against Comstock will be dismissed with prejudice.

**SO ORDERED.**

SIGNED December 22, 2020.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**